"A judgment homologating an administrator's account and discharging the administrator, rendered upon publication made pursuant to Art. 1172 of the C. C., is not *res judicata* as to the heirs. That form of notice is meant merely for creditors. The heirs should have been cited." *Truxillo* v. *Truxillo*, 6 An. 412, re-affirmed.

The prescription for a merchant's account is three years. Acts of 1852, p. 90.

No suit may be commenced against a succession until the claim has been communicated to the administrator, and until he has either approved or refused to approve the same. His approval must be in *writing*, on the claim or upon a paper which he shall annex to it. But this formality is not sacramental. All that the law requires is the administrator's refusal of a *written* acknowledgement of the justice of the claim before suit can be instituted. Nothing in the Code requires the creditor to trust the evidence of his claim out of his own possession. Articles C. P. 984, 985, 986 and 987 are to be construed together.

An account presented to an administrator or his attorney, and approved, is equivalent to a judicial demand, by Art. 987 of the Code of Practice, and bears judicial interest of five per cent., and no more, from the date of such liquidation.

APPEAL from the District Court of the Parish of East Feliciana, *McVea*, J. *R. J. Bowman*, for administrator and appellant. *Fuqua & Kilbourne*, for opponents and appellants. *J. B. Smith* and *W. J. Kernon*, for defendants.

BUCHANAN, J. The exception of *res judicata* was properly sustained by the Court as to the appellees, *Sizemore* and wife, and *Elijah Yarborough*, representing the heirs of *Josiah Yarborough* and *Claiborne Yarborough*, two of the children and co-heirs of *Stephen Yarborough*.

The representatives of *Josiah* and *Claiborne Yarborough* were parties to an account of administration filed on the 13th June, 1856, by the opposition which they had filed to said account. The decree of homologation of the 29th January, 1857, was an unqualified one,—"That the account stand homologated, and is made the judgment of the Court, the costs to be paid by the succession."

But the other heirs of *Stephen Yarborough*, appellees herein, were no parties to the account of the 13th June, 1856, nor to the judgment thereupon. The notice to creditors was not sufficient to bind heirs. They were entitled to citation. *Truxillo* v. *Truxillo*, 11 An. 412. The administrator (appellant) objects to the rejection by the Court below, of an account of *Bowman & Delee*, of $1,817 33 for professional services; and argues that the opposition to this charge had been withdrawn. This only appears to be the fact as regards opponents, *Sizemore* and *Elijah Yarborough*. But the opposition of *Green*, tutor, &c., embraces the same item, and has not been withdrawn.

The administrator's counsel further objects to the judgment of the Court below, that he has been charged with interest on sums collected to the date of filing account, without giving him credit for the interest on sums disbursed and paid by him. His printed argument gives a detailed statement of payments by the administrator, with interest calculated, amounting, in all, to $2,446 94, which we assume to be correct, as it is not contradicted. We allow this, as an offset, *pro tanto*, to the interest allowed by the Court below upon the sums in the hands of the administrator.

The appellees, *Sizemore* and wife and *E. W. Yarborough*, have answered the appeal, and pray that the items of payments made by the administrator for notes of *Stephen Yarborough* in favor of his son *William* be rejected for the reasons alleged in the opposition, to wit, that those notes were without consideration, and intended to give the payee an unjust and illegal preference over the other children of deceased. But we find no proof in the record in support of these charges of fraud and simulation.

*Byrne, Vance & Co.* are also appellants from that portion of the judgment of the District Court which rejects their claim against this estate for a balance of account current of $4,819 62.

These appellants, merchants in New Orleans, were the factors of the deceased for many years, selling his crops, and supplying his plantation with necessaries.

The administrator put them down upon his account of administration filed the 16th July, 1858, for said amount, as an admitted claim against the estate.

*Byrne, Vance & Co.* opposed this account, because they were not put down for 8 per cent. interest on the balance claimed by them, from the 19th day of November, 1857, date of account rendered. They allege that they are entitled to said interest by agreement with the deceased, and also by the course of dealing between themselves and the deceased for many years.

The heirs, or a portion of them, also opposed the claim of *Byrne, Vance & Co.* *in toto*, upon the ground that it was barred by the prescription of three and five years; and they pleaded, that the account current filed by *B., V. & Co.* embraced usurious interest, and illegal charges for labor, weighing, storage, insurance, &c.

The judgment of the District Court sustained the plea of prescription; the Judge being of opinion, from the evidence, that more than three years elapsed from the date of the last item of the debit side of this account before *Byrne, Vance & Co.* took any steps to enforce payment, or to obtain any legal acknowledgment of the justice of their demand.

*Stephen Yarborough* died in September, 1852. The account current rendered by *Byrne, Vance & Co.* on the 19th November, 1857, and annexed to their opposition, is composed, in part, of dealings with *Stephen Yarborough* during his lifetime, and in part of dealings with his administrators after his death. The first part of the account, is that contained in the items one, two, three, four and five, of the debit side of the account. Those items amount, in the aggregate, to $8,823 86, being composed as follows, as appears from a bill of particulars annexed to the answers of *Thomas Byrne*, one of the firm, to interrogatories propounded to him by the opposing heirs :

1. Balance due by *Stephen Yarborough*, as cash, on the 27th August, 1852, date of the rendition of the last account to himself.........$ 417 70
2. An acceptance *S. Y.'s* draft favor Citizens' Bank, due 23d November, 1852................................................... 898 07
3. *S. Y.'s* note, favor *B., V. & Co.*, dated March 9, 1852, and due 6 January, 1853....................................................3,100 00
4. *S. Y.'s* note. favor *B., V. & Co.*, dated August 27, 1852, and due 31 January, 1853....:.................................................. 2,450 00
5. An acceptance *S. Y.'s* draft, favor *Knapp & Wade*, due 7th February, 1853............................................................. 1,958 09

The remaining items of debit, being those incurred after *S. Yarborough's* death, consist of six sight drafts of the administrators, *J. J.* and *L. S. Yarborough*, paid

by *B., V. & Co.* from November 26th, 1852, to January 26th, 1853, inclusive, amounting, in the aggregate, to ................................$ 708 96

1853.

March 2—Premium of insurance on sugar-house and policy ..........   102 75

Sundry payments made by *B., V. & Co.* on May 26th and Sept. 15th, 1853 ..........................................    17 00

And a fee paid *Crain & Nutt,* May, 1855, for collecting a claim of *S.Y.* against *Ackwill* by note ......................................   200 00

Total of charges to debit of administration, exclusive of interest......$1028 71

The prescription for a merchant's account is three years. Acts of 1852, p. 90. From the evidence, it would seem that *Byrne, Vance & Co.* rendered their account current to *Stephen Yarborough* on the 27th August, 1852, a few days before his death. Receipt of this account was acknowledged, and it was impliedly approved by letters of the administrators, dated 9th and 16th September, 1852. On the 12th March, 1853, *B., V. & Co.* rendered an account current to the administrators, and crediting them with proceeds of cotton crop received by them from the administrators, in deduction of balance due by the deceased *Stephen Yarborongh,* ($8,823 86) as per previous accounts. In answer to the letter enclosing this last account current, *Bowman & Delee,* attorneys for the administrators, wrote a letter of March 18, 1853, of which the following is an extract:

"In our letter of the 10th September, 1852, we informed you that we would ship the crop to you only on condition of your holding the proceeds subject to our order, after paying for the supplies furnished that year, to which you agreed in your letter of 22d September, 1852. If the Court would sanction such a course, we would have no objection to paying any account that the succession owed at any time; but it will not, and we have to account to other creditors, having privileges on the crop, for its proceeds. We wish you, therefore, to send us an account current, showing the balance of the proceeds of the crop, after paying your account for supplies, and the drafts drawn by the administrators, and of course expect you to hold that balance subject to our order. There will be abundant means to pay your claim, but it can be paid only in accordance with its rank and privilege."

No such separate account current, as requested, appears to have been sent; but on the 11th April, 1854, in answer to a dunning letter, *Bowman & Delee,* in their own names, make excuses for the delay in settling the amount due *Byrne, Vance & Co.,* and conclude as follows: "We hope to be able to pay you within a short time, a thousand dollars, but it will be useless to pretend that we can pay much more, as there are many claims of equal rank, demanding that they shall have their proportion. We think the estate abundantly solvent, but delay has become an unavoidable attendant in all successions opened in our Court. As fast, however, as we can collect, (and we will use no leniency in collecting,) we will remit you your proportion."

The evidence shows that the administrators did pay, as promised in this letter, on the 7th July, 1854, one thousand dollars, in an acceptance of *Oakey & Hawkins* of *M. C. Cooland & Co.'s* draft.

The first question to be determined arises out of these facts: Did these various letters amount to an acknowledgment of the claim of *Byrne, Vance & Co.,* against the succession, sufficient in law to interrupt prescription? It is urged by counsel of the heirs, on the authority of *McAlpin's* case, 14 An. 617, that an acknowledg-

ment of a debt cannot be made by an administrator in any other form than that prescribed by articles 985 and 986 of the Code of Practice. But we do not understand the point to have been decided in that case. The facts did not require its decision, and it was in terms reserved, as an open question. The articles 984, 985, 886 and 987 of the Code of Practice are to be read together, as the system for enforcing claims of creditors of successions under administration. No suit may be commenced against such a succession, until the claim has been communicated to the administrator, and until he has either approved, or refused to approve the same. In the former case, his approbation must be *in writing*, according to the article 985. The administrator is directed to write his approbation *upon the evidence of the claim*, or upon a paper, *which he shall annex* to it. But this formality we do not hold to be sacramental; especially when, as in the present case, the succession is opened in a different parish from the creditor's residence. It may be, that the creditor is not willing to trust the evidence of his claim out of his own possession; and nothing in the article contained, requires him to do so. Or, if he send the evidence of his claim to the administrator for approbation, and the administrator, instead of sending it back to him, with his approval written upon it, choose to retain it, and to write a letter to the creditor, signifying his approval, the law is fulfilled, and prescription is interrupted. All that the law requires, is, the administrator's refusal of a *written* acknowledgment of the justice of the claim, before suit can be instituted, by the creditor, against the succession represented by an administrator. The reason of the law is plain; to avoid vexatious and unnecessary costs in the settlement of such successions.

The next question raised in argument is, whether the written approval by *Bowman & Delee*, attorneys of the administrators, satisfied the requirements of the law? It is in proof that, immediately after their appointment, the administrators published in the newspapers the following notice:

"All persons having claims against *Stephen Yarborough*, deceased, will please present them immediately to our attorneys, *E. T. Merrick*, or *Bowman & Delee*, for liquidation.

"*L. S. Yarborough*,

"*J. J. Yarborough*,

"Joint Administrators."

The object of this notice evidently was, to submit to the scrutiny of the professional advisers of the administrators, the claims against the estate, in order to their *liquidation*, that is to say, that they might be put in a train of settlement, according to the provisions of the Code of Practice, above noticed. This was a delegation of power to approve or to withhold approbation from the claims that should be set up against the estate; a delegation which it was competent for the administrators to make, to those whom the law authorized them to employ; and to pay out of the funds of the estate, for legal advice in relation to the discharge of their official functions,

The objections to *Byrne, Vance & Co.'s* account, on the score of illegal charges of insurance, labor, and commissions, have not been urged in argument before this Court; neither were they passed upon by the Court below. We do not deem it necessary, therefore, to notice them further. The opposition of *Byrne, Vance & Co.* claiming eight per cent. upon the balance due them, from the day of the last rendition of their account to the administrators, cannot be sustained. This Court has, on several occasions, sanctioned the charge of eight per cent., the highest rate

of conventional interest, by the factor against the planter, on the footing of an implied contract, where, as in the present case, a series of accounts current, rendered without objection, have contained a charge of interest at that rate. But this implied agreement terminated with the death of the party who made it. The account of the factor of the 27th August, 1852, liquidated by the approbation of the attorney of administrators, within a few days after their appointment, as above mentioned, was equivalent to a judicial demand, by article 987 of the Code of Practice, and fixed the amount due at that date; which thenceforth bore judicial interest of five per cent.

It is, therefore, adjudged and decreed, that, as regards the appellant, *L. S. Yarborough*, administrator, the judgment of the District Court be amended, by allowing the said appellant a credit of two thousand four hundred and forty-six dollars and ninety-four cents, for interest on sums that have been paid out by him, as an offset, *pro tanto*, of the interest which he is condemned to pay, by the judgment appealed from, upon sums that have come into his hands; that in other respects, the judgment, as regards said appellant, be affirmed; that, as regards the appellants, *Byrne, Vance & Co.*, the judgment of the District Court be reversed; and it is decreed, that the said *Byrne, Vance & Co.*, appellants, recover of the administrator of *Stephen Yarborough's* succession, appellee, to be paid in course of administration, three thousand and thirteen dollars and ninety-three cents, with legal interest, as follows: On the sum of $417 70, from the 27th August, 1852, to the 23d November, 1852; on the sum of $1,315 77, from the 23d November, 1852, to January 6th, 1853; on $4,415 77, from January 6th, 1853, to January 31st, 1853; on $6,865 77, from January 31st, 1853, to February 7th, 1853; on $8,823 86, from February 7th, 1853, to March 4th, 1853; on $6,955 80, from March 4th, 1853, to September 15th, 1853; on $6,972 80, from September 15th, 1853, to July 7th, 1854; on $5,972 80, from July 7th, 1854, to April 30th, 1855; and on $3,013 93, from April 30th, 1855, until paid; that the account of the administrator, as thus amended, be homologated; and that the costs of appeal be paid by the succession.

MERRICK, C. J., being a creditor upon the tableau, recused himself.

LAND, J., absent, concurring.

---

## SAME CASE—ON A RE-HEARING.

BUCHANAN, J. In our former judgment, we overlooked the circumstance, that the plea of *res judicata*, (which we sustained as to *Sizemore* and wife, co-tutors of the minor heirs of *Josiah J. Yarborough*, and as to *Elijah W. Yarborough*) barred their plea of prescription against the allowance of credit to the administrator for payment of the notes of the deceased *Stephen Yarborough*, in favor of his son, *William N. Yarborough*.

In this respect, our decree must be amended.

It is, therefore, adjudged and decreed, that our former decree in this case be set aside and avoided. And it is now ordered, adjudged and decreed, that the judgment of the District Court upon the account of administration herein, be amended, by allowing the administrator, *L. S. Yarborough*, a credit in account for the sum of two thousand four hundred and forty-six dollars and ninety-four cents, for interest on sums that have been paid out by him, as an offset, *pro tanto*, of the interest which he is condemned to pay, by the judgment appealed from, upon sums that have come into his hands; that the opposition of *Sizemore* and

wife, co-tutors of the heirs of *Josiah Yarborough ;* and that of *E. W. Yarborough* in his own right, and as representing the heirs of *Claiborne Yarborough* to the payments made by the administrator on account of four notes of the deceased *Stephen Yarborough* held by —— *Green*, tutor of the minor heirs of *William N. Yarborough*, be overruled and dismissed ; and the said payments are hereby allowed as a credit, in account, to the administrator ; that in other respects the judgment of the District Court, as regards the appellant, *L. S. Yarborough*, administrator, be affirmed. And it is further decreed, that, as regards the appellants, *Byrne, Vanoe & Co.*, the judgment appealed from be reversed ; and that the said *Byrne, Vance & Co.* recover of the administrator of *Stephen Yarborough*, to be paid in course of administration, three thousand and thirteen dollars and ninety-three cents, with legal interest, as follows :

On $417 70, from August 27th, 1852, to 23d November, 1852 ;

On $1,315 77, from 23d November, 1852, to 6th January, 1853 ;

On $4,415 77, from January 6th, 1853, to January 31st, 1853 ;

On $6,865 77, from January 31st, 1853, to February 7th, 1853 ;

On $8,823 86, from February 7th, 1853, to March 4th, 1853 ;

On $6,955 80, from March 4th, 1853, to September 15th, 1853 ;

On $6,972 80, from 15th September, 1853, to July 7th, 1854 ;

On $5,972 80, from July 7th, 1854, to April 30th, 1855 ;

And on $3,013 93, from 30th April, 1855, until paid ;

That the account of administration, as amended by the present decree, be homologated, and made the judgment of the Court ; and that the costs of appeal be paid by the succession.

MERRICK, C. J., being a creditor upon the tableau, recused himself.

LAND, J., absent, concurring.